# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

No. 13-40545
Summary Calendar

JOSE VASQUEZ GONZALES,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:12-CV-15

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Vasquez Gonzales, Texas prisoner #1288865, was convicted of murder and sentenced to life imprisonment. He filed a 28 U.S.C. § 2254 application in the district court alleging, inter alia, that his trial counsel provided ineffective assistance by failing to object to several improper statements made by the prosecutor during closing arguments. Gonzales raised

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

similar claims in an earlier state habeas proceeding; the state court concluded that he had not shown prejudice resulting from his counsel's failure to object. The district court denied § 2254 relief, finding in relevant part that the state court's conclusion was entitled to deference and was not an unreasonable application of federal law. However, the district court granted a COA on Gonzales' ineffective assistance of counsel claim.

As an initial matter, the Respondent has moved to vacate the district court's grant of a COA as improvidently granted. We find that the district court's grant of a COA included the relevant issue on appeal, whether Gonzales established prejudice. Therefore, the Respondent's motion to vacate the grant of a COA is DENIED.

In reviewing the denial of § 2254 relief, we review issues of law de novo and findings of fact for clear error. *Richards v. Quarterman,* 566 F.3d 553, 561 (5th Cir. 2009). Because the state court's rejection of Gonzales' claims of ineffective assistance of counsel was not contrary to and did not involve an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 687 (1984), and did not involve "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the district court did not err in denying relief on these claims. § 2254(d); *see also Harrington v. Richter,* 131 S. Ct. 770, 787-89 (2011).

AFFIRMED.